First case of the morning, NLRB v. Imagefirst Uniform Rental Service. Good morning, Your Honors. May it please the Court. My name is Christopher J. Murphy with Morgan Lewis & Blakius in Philadelphia, and I represent Imagefirst Uniform Rental Service. Your Honors, my client is seeking review of the NLRB's National Aid Relations Board September 22, 2017 decision and order, finding that my client's representative, Brian Cunningham, did not have a motivation that was supported by a reasonable concern over property interests when he called the police in response to union leafleting activity. Counsel, do you wish to reserve any time? Oh, yes, excuse me, Your Honor. Five minutes for rebuttal. Thank you. Granted. Did not have a reasonable concern regarding Imagefirst property rights when he called the police early in the morning of September 16, 2015. Well, why should we summarily enforce the board's finding that part of the reason he called was these people were on the public right-of-way, not just allegedly infringing on his property? Yeah. Your Honor, there's several responses to that. First of all, there is a finding by the NLRB that we have not contested, and that has to do with Mr. Cunningham's efforts to have the police exclude the union representatives from the public right-of-way. So that aspect of the finding of the board we could summarily affirm. Correct. All right. So you're really only interested in the four A's, or whatever they were called. Yes, the four A's and whether those four A's provided Mr. Cunningham to have a reasonable concern regarding Imagefirst's property interests when he made the call. You also are not arguing that he was not contesting the finding as to motivation based on concern for safety. This is simply about property interests. Correct, Your Honor. We're also not raising the separate concern whether there was a reasonable concern over the safety issues presented at the facility that day. You don't question that the union workers were actually going into the driveway area, they were making four A's into the driveway area and coming back out again? Oh, yes, they were absolutely entering into the driveway area. They were on private property. They were on private property. And the administrative law judge found that, as a matter of fact, and his factual findings were specifically adopted by the NLRB. You don't think that Mr. Cunningham could express a concern about that? I'm sorry, Your Honor. You don't think Mr. Cunningham could express concerns about that? I think he could have, and I think he did. His concern was expressed when he called the police in order to make sure that the union representatives respected image-first property rights. From a factual perspective, this case is different than many of the others in which the call to the police was determined not to be motivated by a reasonable concern because in those cases, such as Sprain Brook, there was no finding, no evidence that there was an actual trespass. In this case, there is an undisputed number of forays onto the private property. And from that perspective, we think that's fine. Well, even the ALJ called the forays. I think he was saying, in effect, that, look, he was disturbed that they were on a shoulder, which they had a right to be on. But the forays, he didn't call trespass. These are insignificant. They really don't amount to anything. They're de minimis, sir, I think he said. So it's really not a trespass. It's just a, you know, what are we talking about here, he says. I think the distinction is important from a labor law perspective. There is no such thing as a de minimis trespass in the jurisprudence of the National Labor Relations Board. The seminal case there is Lechmere. And in that case, as noted by Member Miskimara in his concurring opinion in this case, there is a bright-line rule that non-union employee organizers may not enter onto an employer's private property absent fairly extraordinary circumstances, which are not presented in this case. The defense has a subjective component and an objective component, right? It's what actually motivated the employer in making the call, and then whether that particular motivation was reasonable. So on the subjective component, on that finding, what do we do with the NLRB having adopted the ALJ's findings and credibility findings, which include a finding that Cunningham did not truly believe that the alleged trespassing was so egregious to demand that the police remove them? I think that goes to the question of whether there's such a thing under the NLRB's law of a de minimis trespass. Well, not necessarily, because that finding seems to go to the actual motivation. And if this finding is based on credibility, that the subjective motivation of Cunningham was exclusively to remove them from the shoulder, then even if there would have been an objectively reasonable property interest as to other parts of it, if that was not his actual motivation, we aren't going to assess the reasonableness of other motivations that he's not alleged to have had, right? I think the appropriate way to evaluate this subjectively and objectively is to take a look at what the facts on the ground were at the time that Mr. Cunningham made the call, okay? At the time that Mr. Cunningham made the call to the police, he had already observed the union leafleters on the company's property, on the curbing, on the grassy area, and entering into the driveway in order to leaflet vehicles, okay? Then he called the police. The union representatives retreated to the shoulder, and even after the call to the police, the union representatives continued to enter onto the property by leafleting. Mr. Cunningham observed all of those actions. He didn't express his issue or concern about excluding them from the shoulder of the road until the police arrived. In fact, I think that if you take a look at the holding in Nations Rent, where the NLRB specifically found that the employers, having committed an unfair labor practice, in that case what they did was they parked certain pieces of equipment in the public right-of-way, so as to force effectively the union onto its private property. The NLRB found that that unfair labor practice behavior did not cause or grant the union a right to enter onto the property. But in Nations Rent, there was a specific finding by the board that the infringement was continuing, and we don't have that finding here. That the what was continuing, Your Honor? That the infringement into private property was continuing. I would disagree. I think the holding in Nations Rent, where the finding is, is that after the call to the police was made, that the car that was parked on the private property was moved. And I think that finding, you can follow that through, because in that case there was an expression of concern about whether the union representatives were monitoring the police scanner. But the finding was that the infringement was continuing up to the point that the call was made to the police. And here, you may take issue with it, and if I'm understanding correctly, it sounds like your argument is substantial evidence does not support the actual fact-finding. But don't we have here fact-finding that after being asked to move to the shoulder, that the union representatives did move to the shoulder? They did move to the shoulder, but then they continued to make forays onto the company's property. But where is that finding by the board or the ALJ? The ALJ said it was more likely than not that they were continuing, even though they didn't see them at that time. Well, I think the specific finding was that Officer Stutsman, I believe, when he was interacting with Mr. Cunningham after arriving on the property, he observed a leafleter delivering a leaflet to a car. And the judge's finding was that it was more likely than not that the leafleter would have had to enter onto the Image First property to deliver the leaflet. Well, basically, your position is that the ALJ has found, and it seems to be unquestioned, that to some extent they did leave the shoulder and go onto company property, and that it doesn't matter how long they were there or not, although they could summarily affirm the board on what is obviously that they have a right to be on the shoulder. But any trespass, regardless of how de minimis, as you say, is not a foray. It's a violation. Right. Our position at the bottom is that a person in Mr. Cunningham's position, seeing union representatives foraying or entering onto the company's property on a number of occasions, his call to the police would have been motivated by a reasonable concern about those private property rights. And I think that if you look closely at the administrative law judge's decision and the record, when he finds these forays, he was not precise in terms of the foray occurring before the phone call to the police, the foray after the phone call to the police, but before they arrived, or otherwise. But I think if you read the record as a whole and the ALJ's failure to try to tweeze out all of those various forays, I think the reasonable conclusion that you draw is that they continued more or less sporadically throughout the entire transaction. Just one additional question. Given that the foray was so brief and it was on a driveway that came right out into apparently a shoulder and then the main road, do you know how Pennsylvania views this so-called foray? I mean, wouldn't ordinary citizens have a right to cross that driveway? Wouldn't they have an easement, for example? That would not be a trespass. So this case is different than several that the Board has decided, and in fact one that came before a different panel of this Court, Sniders of Hanover. And in the Sniders of Hanover case, for example, and in Indio Grocery, there was a fairly detailed analysis of what state property law said with respect to public rights of way and easements, et cetera. This case doesn't present those kinds of issues, because there is specific findings that there were trespasses. And in both Sniders of Hanover and in the Indio Grocery cases, there was not a specific finding of trespass, and in fact the Board decided both of those cases on the grounds that the employer had not demonstrated that it had a right to exclude the union leafletters or the picketers from those quasi-public areas. This case doesn't present that issue because, as I said, there is a substantial and detailed part of the administrative law judge's decision where he says this occurred on the company's property. So with respect to your question, Your Honor, I don't believe that there is a de minimis exception where there is a public right of way, the shoulder went right past there. And anyone who wanted to ride a bike, deliver the mail, whatever kinds of other examples the NLRB might have... Do you know if there was a finding that they were obstructing in any way, obstructing the passage of traffic or obstructing... There was no finding. In fact, we alleged none at the hearing. In that context then, in that sense, why couldn't you say that the entry into the driveway was fairly de minimis? They were handing out leaflets, right? Correct. Wouldn't you say that that was a de minimis appearance on the driveway? I guess it's a matter of perspective, but I would say two things with respect to that. I think the Lechmere case is fairly clear that there is a bright line of rule with respect to employer private property rights, and those yield only in extraordinary cases. I don't believe that a situation where leafleters are attempting to deliver materials to employees on a fairly broad area of a shoulder, and in fact there's evidence in the record where the union representative testified, that the shoulder was wide enough for them to deliver the materials without causing a safety issue. An ordinary pedestrian would go from one side of the street and go across your image versus property to get somewhere else. That would be a trespass. The ordinary citizen, well, given where the facility is, it would be unusual for any person to cut across the property, but to take your question and put it in the context of where the property is, if individuals were traversing on Prospect Road in either direction on the image-first side of the road, the shoulder is very broad, and I think at page 577 of the Lechmere case, of the record, there's a diagram that shows that the shoulder was 10 feet wide. So this is not a situation, Your Honor, where there was a very narrow two or three foot area where pedestrians, et cetera, could go, and there was no evidence in the record that any of the pedestrians or bike riders or mail deliverers or people who parked on image-first property itself, the testimony all was that this activity occurred on the shoulder. And although under Pennsylvania law, image-first owned to the center of the roadway, as we acknowledged in front of the administrative law judge, we made no effort to actually exclude that from that. I was trying to figure out what could be a de minimis trespass and what is really a blatant trespass, a violation of property owners' rights. I think there's two different answers to that. There's a question of whether law enforcement would view this as a trespass. And they did not in this case, did they? They did not. They took no action. And in fact, in Nations Rent, the board is clear that the fact that the police failed to take action in response to being called does not show that the call was not motivated by a reasonable concern about property rights. Counsel, I realize we're over your time, but this is sort of foundational and perhaps something that your adversary can also help us address. And that goes back to my question earlier, because you mentioned as part of your argument what a reasonable employer would have thought. But the predicate for any reasonableness analysis is the facts finding as to what this employer did think. And is your argument that we should understand the board's decision and the ALJ's decision to make a finding that his actual and exclusive motivation was to remove them from the shoulder and that that is not supported by substantial evidence because the record suggests that his motivation was broader than that? That's correct. Or is it that the board and the ALJ found that his interest was removing them from private property, but that was unreasonable because they had moved to the shoulder by the time the police arrived? Which one of those, in your view, is the right understanding of the NLRB's decision? It's the former, Your Honor. And we had thought amongst ourselves that wouldn't it have been nice if Mr. Cunningham was a real estate professional or a lawyer and was able to articulate when the police came and the hurly-burly of all this activity to say, you know, I don't want them in the curbed area or in the driveway, but anywhere else they can do what they want. And I think that that was part of his motivation when the issue arose. And I think if you read the administrative law judge's decision that when Mr. Cunningham arrived, the union representatives were on the grassy area, and one of them actually attempted to leaflet him as he entered into the property and went into the driveway area. So he had concerns about that part of image-first property. In fact, it would sort of be counterintuitive that he would let them be there, right, while simultaneously trying to exclude them from the shoulder. So I think that the way to look at it is what was reasonable for someone in Mr. Cunningham's position at the time that those events unfolded, seeing the union representatives on the company's property as found by the ALJ and also on the shoulder. And I think that his motivation was reasonable in trying to enforce, if we can say this, the lesser included aspect of the property right, having to do just with the part of the property that's indisputably controlled by image-first. Thank you very much. Ms. Isbell, and we'll give you three additional minutes, given that we went over time with your colleague. May it please the Court, Kelly Isbell here on behalf of the National Labor Relations Board. I think, given what you've just been discussing, that we should start with the facts. The board affirmed the administrative law judge's findings that when Brian Cunningham called the police, the union representatives had already moved to the shoulder. They remained on the shoulder. The ALJ found that they testified without contradiction that they remained on the shoulder after their initial conversation with Brian Cunningham. There is nothing in the record that shows that they continued to make forays into the driveway to leaflet cars. Counsel, could we step back to the board's actual decision? Because we have to evaluate this in the framework of looking at the defense with this subjective and objective component. What do we make of the board's statement that Cunningham was not motivated by a reasonable concern over protecting property? This is language that's from cases such as Nation's Rents, and I believe even earlier cases like Great American, that when there is an issue of non-employee union representatives on employer property, the question for calling the police, whether that's lawful or unlawful, is whether or not the employer has a reasonable concern. And the board gave examples of that reasonable concern being legally protected interests or safety. Was the board here making a finding that the actual concern was exclusively their presence on the shoulder? And that that was per se unreasonable because it wasn't private property? Or was the board making the finding that he had a more general interest in the private property, including the driveway and the grassy area, but that protecting that was not reasonable given that they had gone to the shoulder by the time the police arrived? I believe that on the facts of this case, the answer is the former. What the board and the ALJ found was that Mr. Cunningham's belief that morning was that Image First owned the property to the center of Prospect Road, and what he wanted and what he asked the police to do was arrest those representatives because they were on the shoulder. Remember, Officer Villano testified when he arrived and asked what was going on. Mr. Cunningham said, we own to the center line of Prospect Road, they are on the shoulder, and I want them arrested. Just hypothetically, what if he had said, I see them on the entrance to our property, I see them on the driveway, and then call the police? Would that be all right? That might have been a completely different case. I guess my question is, can he do that? Can he bar union representatives from distributing literature on Image First's property? On Image First's property under Leach, Schmier, Babcock, and Wilcox, yes. Okay, so the problem is that he didn't see them on Image First's property, he saw them on the shoulder of a public roadway. Well, Your Honor, let's talk about the timeline of this case. I think the ALJ and the board recognized that there were two conversations with Cunningham. When Cunningham first arrived, he testified and the union representatives agreed they were on the grass. The grass is Image First's property, so that's a factual finding. He asked them to move, they moved to the shoulder. When he went back to them the second time, they were on the shoulder, and they remained on the shoulder. I also recall one leaflet in the case, one representative walked to the car. Was Mr. Cunningham testifying about them leafleting him, Your Honor? Yeah, the representative would have likely been there and leafleted him, yes. So for Mr. Cunningham, yes, when Mr. Cunningham first arrived, they leafleted him probably in the driveway. But when he called the police, remember, he asked them to move. They moved to the shoulder. Well, the question is, the petitioner does not deny that the board's finding as to the shoulder incidents should be affirmed. They agree on that. But they also say there's no violation under this National Labor Relations Act, because any trespass on the company property, may it be de minimis or whatever, is a violation of the act. And to the extent that there was some violation by the labor employees going on company property, he had a right to call, even though maybe he didn't see them at the time that he called, but they were there. The ALJ made a finding that they trespassed. And it's not a matter of general law that you allow, under the National Labor Relations Act, any trespass, even if de minimis, is a violation. They're not allowed to be on company property doing labor work. So why should we send this back to the board and have them evaluate that aspect of it, just that there was some violation by the labor union going on company property? And to the extent that there was any that was found by the National Labor Relations Board, the board's got to deal with that. The board did not deal with that. They dealt with it, I don't know how, but there's no such thing as a de minimis violation of a labor union going on company property. Why should we send it back to the board and let them ferret this out as to exactly whether there was or was not a violation of the NLRB? Because the board disavowed the ALJ's findings on that regard. Well, they can't. The finding of fact is that they were violating the act by going on company property. There's a finding that the ALJ made that. That finding is not clearly erroneous. They never said any such thing. They endorsed the finding. They just made de minimis of it. But they found and they affirmed the ALJ's finding that they definitely made, I don't know, a pool of foray or de minimis. Now, to the extent that they were on company property at all, it's a violation of the labor union to be there. And the board did not deal with this. They pooh-poohed it by making it de minimis or inconsequential. There's no such thing. There may be under general law such a thing as no trespass if you have a problem like that or something, but not for a labor union. You cannot go on company property. Now, what's wrong with us sending it back to the board and having them deal with whether or not this was a violation or not of the labor union? Well, I think this board in this decision agrees with you, Your Honor. They said that before he called police, the union had moved to the shoulder of the road. This is what the ALJ found, that the union representatives themselves testified without contradiction that after he asked them to move to the shoulder, they moved to the shoulder. At the time he called police, they were on the shoulder. When the police arrived, they were on the shoulder. They testified that they would sometimes step on the curb between the shoulder and sometimes go into the grass to talk to Cunningham. And that's private property. The curb and the grass are private property. And their statements that they were going on the curb and the driveway are not limited to the time period before he called the police, right? Well, I think they are, Your Honor. If you read the ALJ's decision that says that they testified without contradiction that after he asked them to move, they stayed on the shoulder. Well, the ALJ says that, but the question is whether these findings are supported by substantial evidence. And in the actual record, Valentin says that it was between 5 and 10 percent of the time, during the entire time they were there, that they were stepping into the curb or driveway. And even while the police, when the police arrive, Officer Suttman testifies that there is leafleting going on, and he sees one of the representatives go into an area that he acknowledges on cross-examination may have been on private property. The ALJ says that that was more likely than not that representative going into the driveway. So when we don't have this cabined in terms of their activity by the representatives themselves, when Cunningham expressly testified that even after making the initial call to his supervisors, he continued to see them coming, and he had asked them to move to the shoulder, he continued to see them coming onto private property before he called the police. And the officer who arrived sees a representative more likely than not stepping onto private property when the police arrive. Why isn't this on all fours with nation's rent, that the violation of private property interests is ongoing? Well, first, I think I need to, we need to discuss what's actually in the record. I mean, Brian Cunningham did testify that he saw them continually going into the driveway, and the administrative law judge discredited that testimony. If you look at pages 520 to 522 of the joint appendix, he says that after they were on the shoulder, he asked them to leave or he was going to call police. He went back to his car and waited for the police for half an hour, and he did not look at them. That's joint appendix 520 to 522. So while he testified on the stand that he saw them repeatedly going on and on, going back into the driveway, he also testified that he was in his car for half an hour not looking at them and did not see what they were doing. Officer Stutzman at joint appendix 430 testified on direct that he saw a union representative give a leaflet while she was on the shoulder. On cross-examination, he was asked about that again in press, and he said he couldn't remember, but he never testified that he saw her in the driveway. But you're dealing with the findings and facts of the ALJ. The ALJ found that there were trespasses on property of the employer, and given that fact, the board has to deal with it. They just can't poo-poo it, but they've got to deal with it. Now, they can't deal with it by saying they disagree with it because it's clearly erroneous. They didn't do that. They dealt with it by just doing nothing with it. They avoided it. But it's in the record, and as I mentioned, I see no reason why we can't grant the summary affirmance of the shoulder situation. But don't we have to grant the petition and remand this back to the board to let them deal with what is the company does not want to be doubly sanctioned for conduct, which if there were trespassing and there was, the ALJ found there was trespassing, they have every right in the world to call the police. If they had called the police while they're trespassing. No, no, no. They get called even though it didn't happen exactly when they see it. The ALJ found that they trespassed, and that's the reason the police are called, if they trespass. Well, Your Honor, the ALJ explicitly found that that was not the reason the police were called. The ALJ's explicit finding is that the police were called because they were on the shoulder. This is what the ALJ found. This is what Brian Cunningham told Officer Villano. Why did you call us? Because they're on the shoulder. You don't doubt that there was a trespass. Ms. Valentin admitted that representatives occasionally stepped on the driveway to distribute literature. How do you suggest we deal with the temporary incursions into private property? I think that from the board's decision that the temporary incursions occurred prior to Cunningham asking them the second time, stay off our property, when they were on the shoulder. So he goes back to them and says, you need to leave. They're on the shoulder. So you're saying that once Cunningham spoke to them, they did not come back on private property? That's how I read the ALJ's decision, that between the union's testimony and the police testimony, that they were on the shoulder after he asked them to stay off the property. But don't we have a problem in that that does not appear consistent with the union representative's own testimony? And Valentin and other representatives testified that they, on numerous occasions, four or five, at one point she says that it was five to ten percent of the time, they're stepping onto private property. And that's not limited to the time period before he calls the police. In fact, again, we have Officer Sutsman's testimony where he says on cross that what he saw in terms of ongoing leafleting might have been on private property. But he didn't find it to be, neither police officer found a trespass violation. And certainly Cunningham didn't call their attention to it. They're just saying it wasn't a trespass, but we have to look at what the facts are. The ALJ, as the concurring member points out, seems to have made a mistake of law as to the propriety of de minimis trespasses, right? Yes, I think that, I mean, certainly the dissenting member wrote that, and I think the majority agreed with him. So the question is not whether it should be characterized as a trespass. It's whether there, in fact, was incursion onto private property. And when we have the ALJ making a finding that was more likely than not that what the police officer saw was a representative going onto private property when the police officer arrived, doesn't that make clear on the record that these incursions were ongoing? That is the only incidence I can find, and I cannot find any basis for it in the record itself. I mean, Stutzman certainly does not testify that they were in the driveway, and that cannot be the basis for the phone call to the police because it happened after the police were there. I mean, there has to be a reason he called police to protect legally protected interests. Well, shouldn't you be arguing to the board that the ALJ's findings are clearly erroneous, that there was no trespass, whatever, you know, whatever your argument is, that this is illusory, it's make-believe, there's no trespass here. Because if there's any one from the union that steps onto company property, they have a right to call the police, and it's not a violation of the NLRB for them. But right as it stands now, they stand accused of violating the NLRB. They don't want to say to that extent they did not violate it, even though they acknowledge that we should summarily affirm the finding that they had no right to call concerning the shoulder. But they don't want to also pay for the part where the ALJ found, as a matter of fact, that there were trespasses, whether or not. If you don't think there were trespassers, then you should argue that to the board because we don't decide those things here. But the record before the board was there were trespassers by the union, and the board did not deal with it. Well, the question under NDO Grocery Outlet and Nation's Rent is, was there a reasonable concern at the time they called police? And the ALJ is very clear that he found Cunningham called police because they were on the shoulder, not because of any driveway incursions. That might be true, but if they were on company property, they also had a right to call. They did. And to that extent, they don't want to be sanctioned under the NLRB for making a call which was in part because they were trespassing on company property. But the ALJ made no finding that their phone call to the police was based in part on the trespass. Maybe you can help us with those findings because on page 11 of the joint appendix, in the ALJ's decision, the ALJ says, I do not credit Cunningham's testimony that he merely wanted the four representatives removed from the company's property. In my opinion, I believe the respondent wanted the union representatives removed from property that mistakenly believed included the shoulder. That seems to read by its terms that the ALJ is finding. It wasn't only that he wanted them removed from the private property. It was also that he had a mistaken belief about how far that private property extended. But why would that mistaken belief negate the reasonableness of a private property interest in the other parts of the private property? Okay, so if I understand correctly, now your question is about the reasonableness of his belief in their property line. It's the findings as to actual motivation because what the ALJ actually said seems to indicate he acknowledges that Cunningham had a concern about incursions onto private property generally, but then is going on to say that he believes that he wanted them removed from the shoulder. That's true insofar as it goes, but it doesn't change what seems to be an ALJ finding that the actual motivation was more generally as to private property. And then we're asking a different question about reasonableness. Okay, so the question is about the reasonableness of the belief of the property lines. To add to that, he also thought that Image first owned the property over to the center of the roadway. Yes, I mean, certainly I think there's no question about that. They do, except that they conceded, and I don't think there's any question that they do not have a property right that gives them the right to exclude anyone from the use of the shoulder. I mean, it's an open and notorious use of the public for mailboxes and bikers and pedestrians. I don't think there's any question about that. But there are no board cases that I can find where the board talks about the reasonableness of the belief of the extent of the property right or the property line. So all of the cases about supermarket lessees or Double Eagle Casino trying to keep people away from the front of the casino, the question is never did you honestly believe you could keep people away from the front of the casino? The question is a factual one. Could you or could you not? And those are the – I have looked and haven't found any case where the board or a court is inquiring into the reasonableness of the belief, because most people don't know off the top of their heads how far their property line goes. Well, if we send it back to the board, maybe they could take another look at their national arrest case. Well, Nation's Rent, Your Honor, under Nation's Rent, there was – at the time the police were called, there was an ongoing trespass. And the board found that the employer had a reasonable concern for, first of all, two things. One, he believed that the union was using police scanners, because as soon as he called police, they moved their car. So – and in Pennsylvania, use of a police scanner is jailable. He also had heard complaints from employees that the union was following employees home. And the union admitted that they were following employees. So he – the employer had two very reasonable reasons for calling the police. And at the time the call was made, there was an ongoing trespass. That case is buried. As you've emphasized, what's relevant is the actual motivation and the reasonableness of the motivation at the time the police are called, not what's happening when the police arrive, right? Right, Your Honor. I mean, if when the police arrived, the union had, in fact, been trespassing, we would have a different case. So, yes, as far as – When it's time that the police were called, the asserted trespass was on the public roadway or road shoulder. Exactly, Your Honor. Counsel, what is – if we – in terms of dispositions here, if we did not agree with the board's position and concluded that either there wasn't substantial evidence on supporting the decision or that it was incorrect as a matter of law, is the proper disposition to deny enforcement of the petition for review and that's the end of the story? Or is there a reason to remand here? Is there a concern about what the board actually held or some basis for a remand rather than simply a denial of the petition for enforcement? Well, I think it depends on how you come out, Your Honor. Sorry, I've got a cold. So if you find that the board's factual findings are not clear to you, then you should remand. There is a record here, and if the board was not as clear as it should have been, then we would ask for a remand so the board can look at those issues for you. But I don't think there's any real dispute about the legal issues in this case. I think it's more a dispute about the factual issues. As a factual issue, do you deny that at any time that there was a trespass on company property? Whether before the officer came or after and so forth. Do you deny that there was – is your position that there was absolutely no labor coming onto company property? No, Your Honor. That is not my position. Your position is there were some violations of company property, correct? Yes, Your Honor. Well, if that's so, then how can we go along with what the board found, that there's a violation of the National Labor Relations Act to that extent? Because when – the reason Cunningham called police was not because of any of those incursions, and those incursions had ended by the time he called police. You want us to focus at that very moment when Cunningham called the police? What difference does that make? What was taking place when the police – Cunningham called the police? What's the difference between before, during, or after? The company is being sanctioned under the NLRB. If, in fact, there was a good reason to make the call at any time, how could they be sanctioned for that? I think if that had been the reason he made his call, then we would have a different case. But that's not what he told the police. And the police gave him the opportunity. Officer Villano said, you know, if they were in the driveway, that would be a trespass. And Cunningham was silent. So if that had, in fact, been his motivation, I'm not sure we would be here today. His motivation, as he told the police, was to get them off the shoulder. And they do not have the property right that allows them to exclude people from the shoulder of that road. They admitted to that. They agreed to a summary affirmative on the shoulder. They agreed to that. And that's all the board found. They just don't want the balance of it to be – But the board's finding is just that they violated the act by trying to get people off the shoulder. There's no board finding that they violated the act by trying to keep people out of their driveway. That is certainly not the board's finding. Counsel, just again to go to the disposition here, to the extent there's been a concession as to the shoulder not being a valid part of the interest, would a disposition involve a summary affirmance in part? Or is it either we are granting the petition to enforce the board's order or we're denying the petition to enforce? Well, I believe in our brief we asked for summary enforcement on two separate issues because they had not raised them in their brief, and that's prohibiting union representatives from being on the shoulder and attempting to remove them. So the only issue is whether the attempt to remove – or the call of the police to remove them from the shoulder. That's the only viable issue left, if that makes sense. So what would our decision be to summarily affirm the decision of the board? Your Honor, that works for me. Certainly. Is the proper thing for us to do? Is that your request? Is it the proper thing for us to do since there's no dispute, affirm the shoulder violation and either if we find that as a matter of law that the disposition by the board of the trespass was clearly erroneous, we could just reverse that and not – or if we wanted to, we could send it back to the board for them to clear up whether there was a trespass. But if you're acknowledging that there was a trespass at some time for which the company called, I think Judge Krause has a point that why do we have to revand it? Because if there was some trespass, the company had a right to call. Well, I think now I'm just probably repeating myself because that was not the reason they called. If that had motivated his call, then the board most likely would have made a different decision. But everything he expressed to the police, everything he said to their union representatives was that they needed to get off the shoulder or he would have them. Even assuming you're right, that wasn't the motivation. I'm not sure that assumption is correct. Even assuming, what difference does it make what the assumption is? They had a valid reason, which they didn't articulate, to call the police. And they're being sanctioned under the act for a violation which they had every right to do. Well, I think it all comes down to sort of the bigger issues about calling the police. Calling the police to remove peaceful union handbillers, not blocking traffic, there's no safety violations, is incredibly coercive. And there has to be a reason for calling the police to remove peaceful union handbillers. And that reason has to be a reasonable concern such as safety or illegally protected property interest. And on the facts of this case, when he called the police, there was not a legally protected property interest at stake. Counsel, we will, as part of what we're called to do, have to make a determination about what the board and the ALJ found as to his actual motivation and then the reasonableness of that, given the statements in their opinion and the record. But as I read the board's brief, it asks us to enforce the board's order in full and deny image-first cross-petition for review. That indicates to me that if we did not agree with the board, that the disposition here would involve denying enforcement of the board's order. Well, I think on the first two board's findings, those are not contested. So there would be summary affirmance of those two findings. Yes, ma'am. Thank you. Thank you. Good morning again. I just want to make a few brief points on rebuttal. Counsel for the NLRB referenced a line of cases, Double Eagle and Indio Grocery. We don't believe those apply. In those cases, there was a determination that the contact with the police was not reasonable. But in those cases, there was not a finding of a trespass at any point. Those cases involved, as I indicated in my earlier remarks, that there was a dispute about whether the employer had the right to exclude people from certain kinds of property, quasi-public property. That's not this case. I think one of you asked a very good question. The question was, if Mr. Cunningham had said the union leafleters are on the driveway or they're on the grass, would the result of this case have been different? And I think that gets to one of my points here, and that is what was it reasonable for Mr. Cunningham to do on that morning? And I think the focus on the precise moment when he made the call, it does a disservice to the concept of what was reasonable over a course of time. So in the minutes before he made the call, he observed the union leafleters on the company's property, both on the curb, on the grass, and in the driveway. Isabel has pointed out that's based on Cunningham's testimony of his observations, at least as to that specific time frame, and the ALJ did not credit him. But I think it's consistent with the ALJ's findings of these forays. Now, the ALJ did not say, I found that there were five forays before he made the call, five forays after he made the call, and one or two forays after the police arrived. Didn't he report that the union workers were on the shoulder of the road when he called? No. What moment did he call? There's no testimony in the record with respect to what he actually said when he made the call to the police. He made the call to the police, and then there was a 15- or 20-minute hiatus between the call and the response. And during that period of time, Mr. Cunningham sat in his vehicle in parking spot number two and was able to observe the union leafleters moving from the shoulder area into the driveway in order to deliver leaflets. I think his testimony was that he observed 20 of those transactions over the course of the morning. Well, what is your response to the board's basic position is they don't deny there were trespasses here. They don't deny it. Their position is the reason you called was not because of the trespass, that the trespass happened sometime before or after you called, but you really called because they were on the shoulder so that we should not deal with the trespasses at all. Because you didn't call because of the trespasses. You called because of the shoulder. And, therefore, as to the finding concerning your call that we're not going to summarily affirm, that's of no significance because you didn't call for that reason. Well, I think, as Judge Krause pointed out from the excerpts from the administrative law judge's testimony, that we believe that the administrative law judge found that Mr. Cunningham called for a couple of reasons. He certainly wanted to police the curbing, the grass, and the driveway. No question about that. He went further than the law permitted. And, again, no question about that. That's the part of the piece that you've questioned, Counsel, about the summary affirmance of. But there is a part of his conduct that you can't say was unreasonable. He observed the union representatives on the company's property on a number of occasions. Okay. So your position is consistent with your brief position is you called for actually two reasons, one which was justified and one which was really unjustified. And to the point that you were unjustified, you're willing to summarily affirm the petition. I would break the issues out slightly differently. So the one issue is after the police arrived, Mr. Cunningham asked the police to exclude the leafleters from the shoulder. We don't contest the board's finding of a violation with respect to that. The violation that's contested is the call. And was Mr. Cunningham's call to the police reasonable? And the reasonableness of it has to be based on what he observed, what he saw that morning, what the union leafleters were doing. Okay. If we buy that, then the disposition is what? Summarily affirming the call insofar as it dealt with the shoulder and doing what with the disposition concerning the trespasses, which? Well, I think with respect to the contested issue, I think an appropriate disposition would be for the court to decide that under these specific facts, where there's no dispute as to the underlying trespass activity, that this case falls squarely within nation's rent, and it would be appropriate for the court on that contested issue to grant the petition to review and deny the petition for, to grant the cross-petition for review on that issue and deny the petition for enforcement. Without sending it back to the board for them to rehash it again. That's correct. To the extent there is a dispute, however, about what the actual finding was by the board or ALJ as to his motivation, is that a reason to consider sending it back to the board? I think in these cases, Your Honor, I would say the answer to that is no. There's no dispute, as everyone has discussed this morning, that there were forays onto the property, that they were observed by Mr. Cunningham, and that he made a call to the police after observing them. We would think that that constitutes reasonable behavior virtually under any, whoever the actor may have been, that when he saw that, he was privileged to make a call to defend his employer's property interests. If we had a clear-cut finding record that indicated there were forays onto private property, Mr. Cunningham made the request that they move off of the private property, and that they then did, and they moved to an area that was unquestionably public property, and they stayed there. Are you arguing that that situation is one that would involve a reasonable concern about private property simply because of their original conduct, if they had complied with his request? I think that's not the case that we have here. But if he had challenged the union leafleters on the first occasion, and they had then retreated to the shoulder and had remained there, I think an argument could be made under those circumstances that his call to the police would not have, because recall, he challenged them, they went to the shoulder, he observed further conduct, consulted with his superiors, and then he called the police. So if there had not been that continuing course of forays, the case may well, from our perspective, look differently. From the time that he observed that conduct, and they moved to the shoulder, he thereafter called the police? Yes. And then after he called the police, they moved provisions back onto the driveway? Correct. Isn't the scenario that I described, and you're saying would be problematic, exactly the characterization that Ms. Isbell would give to the findings here of the ALJ and the board, that is, that they moved to the shoulder and they stayed there? Well, that may be Ms. Isbell's characterization, but it's not what the record contained. That's what the ALJ said. And it's not what the ALJ said, especially with respect to Officer Stutzman, Your Honor. Officer Stutzman only gets you to might have been there. Well, I think that in terms of we interpret the judge saying that more likely than not that it occurred is a factual finding that it did. I mean, under the NLRB's procedures, the burden of proof here is a preponderance of evidence, and the preponderance of evidence standard, another way to state that is more likely than not that it occurred. So we view that as a factual finding, not a stray comment as to a matter of interest to the administrative lodges. That's a finding of fact that was adopted by the Labor Board. So the disposition you seek is to affirm in part and deny in part the petition for enforcement? That's correct, Your Honor. Thank you very much. Thank you. I take the case under advisement. Thanks.